MARC A. PILOTIN
Regional Solicitor
ANDREW SCHULTZ
Counsel for Wage and Hour Division
JULIA B. HAYER (CSBN #333454)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: 415-635-5815
Hayer.Julia.B@dol.gov
*Attorneys for Plaintiff Keith E. Sonderling,*
*Acting United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO – NORTHERN DIVISION

KEITH E. SONDERLING,
Acting Secretary of Labor,
United States Department of Labor,

Plaintiff,

v.

ALPHA SERVICES, LLC and Robert "Wade" Zaharie; and NORTERRA SERVICES, LLC and Terry Rice,

Defendants.

Case No. 2:26-cv-00239-AKB

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

Plaintiff KEITH E. SONDERLING, Acting Secretary of Labor, U.S. Department of Labor ("Plaintiff") and Defendants Alpha Services, LLC; Robert "Wade" Zaharie; NorTerra Services, LLC; and Terry Rice ("Defendants") (collectively "the Parties") have agreed to resolve the matters in controversy in the above-captioned civil action without further litigation and agree to the entry of this proposed Consent Judgment and Permanent Injunction ("Consent Judgment" or "Order") as provided below.

## STATEMENT AND AGREEMENTS BY THE PARTIES

1. The Acting Secretary filed a complaint alleging Defendants violated the Migrant

Seasonal and Agricultural Worker Protection Act ("MSPA"), 29 U.S.C. § 1801, *et seq.*, and its implementing regulations at 29 C.F.R. Part 500 ("MSPA Implementing Regulations") (hereafter, "Complaint").

2. Defendants waive formal service and acknowledge receipt of a copy of the Complaint.

3. Defendants waive their answers and any defenses to the Complaint.

4. Defendants agree that the Court has jurisdiction over the parties and the subject matter of this civil action under 28 U.S.C. § 1331, and that venue lies in the United States District Court for the District of Idaho – Northern Division under 28 U.S.C. § 1391.

5. Defendants acknowledge that they and any individual, agent, or entity acting on their behalf or at their discretion as it relates to MSPA operations and program oversight have been given, and in the future will be given, notice of and an understanding of the provisions of this Consent Judgment.

6. Defendants agree to file a stipulation of dismissal of the Complaint with prejudice on behalf of all parties in the action *Alpha Services LLC, et. al., v. Looman, et. al.*, 2:23-cv-2988 (E.D. La.) within 7 days of this Court's entry of the Consent Judgment with each party to bear their own costs. Plaintiff agrees to file a stipulation of dismissal with prejudice of the administrative actions *In the Matter of Robert "Wade" Zaharie, and Alpha Services, LLC, and Terry Rice, and Norterra Services, LLC*, Case Nos. 2023-MSP-00001, and 2023-MSP-00002 within 7 days of this Court's entry of this Consent Judgment. The Acting Secretary agrees to renew Defendants' Farm Labor Contractor certificates of registration for one year and not to deny future renewals or revoke or suspend future certificates based on the allegations in the Notice of Determination issued in Case Nos. 2023-MSP-00001, and 2023-MSP-00002 (beyond the allegations serving as the basis for the complaint in this case).

7. The Parties agree to the entry of this Consent Judgment without contest. Defendants admit no wrongdoing, and the individual Defendants do not concede that they are proper parties to this lawsuit. Nevertheless, the Parties have chosen to resolve their disputes through this consent judgment in the interest of conserving resources and avoiding the

uncertainty of litigation. Defendants will be assessed individually for compliance with this Consent Judgment such that the actions of one Defendant do not serve as the basis for finding that a different Defendant has committed a violation.

## **PERMANENT INJUNCTION**

Pursuant to the statements and agreements above, upon joint motion of the Parties, and for cause shown,

**IT IS HEREBY ORDERED ADJUDGED AND DECREED**, that:

8. Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them are permanently enjoined from violating the provisions of the Migrant and Seasonal Agricultural Worker Protection Act of 1983 ("MSPA"), 29 U.S.C. § 1801, *et seq.*, and the implementing regulations at 29 C.F.R. Part 500, to the extent that they are otherwise applicable.

9. Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them are permanently enjoined from transporting passengers on any roads using Pick Up Trucks with Affixed Cab Carrier and Trailer. A Pick Up Truck with Affixed Cab Carrier and Trailer is a pick up truck with a cab carrier affixed to the truck bed while towing a trailer attached to the rear bumper hitch.

10. Defendants, its officers, agents, servants, employees and those persons in active concert or participation with them are permanently enjoined from operating on public or private roads any covered vehicles that do not adhere to the requirements listed at 29 C.F.R. 500.104(e), (h), (j), (l), (m), and (n), to the extent they are otherwise applicable, beginning one month from the date of this Consent Judgment. References to "covered vehicles," "covered service," or "covered activity" throughout this Consent Judgment refer to vehicles and activities subject to MSPA under 29 U.S.C. § 1841(a).

11. Defendants, its officers, agents, servants, employees and those persons in active concert or participation with them are permanently enjoined from operating on public or private roads any covered vehicles that do not adhere to the requirements listed at 29 C.F.R. 500.104(a), (b), (c), (d), (f), (g), (i), and (k), to the extent they are otherwise applicable.

12. Defendants shall complete weekly audits by a Crew Chief of all their covered vehicles for compliance with all vehicle safety standards located at 29 C.F.R. 500.104 and all non-compliant issues identified shall be repaired prior to placing such vehicles in covered service. Defendants shall keep records of said weekly audits that include at a minimum i) the name of the Crew Chief that completed the audit and their signature; ii) the description and license plate number of each vehicle inspected; and iii) a list of all required repairs that will be completed prior to the vehicle being utilized in any covered activity. Upon the Acting Secretary's request, Defendants shall inform the Acting Secretary within 14 days of any deficiencies identified during an audit or otherwise, including deficiencies that violate the MSPA and its implementing regulations at 29 C.F.R. Part 500, and shall either inform the Acting Secretary of the timeline for repair at the time of the notification if the repair has not yet been made or provide evidence that the repair was made.

13. Defendants shall arrange for an independent third-party mechanic to complete annual inspections of all their vehicles for compliance with all vehicle safety standards located at 29 C.F.R. 500.104, and all non-compliant issues identified shall be repaired prior to placing such vehicles in covered service. Defendants shall keep records of said annual audits that include at a minimum i) the name of the independent third-party that completed the audit and their signature; ii) the description and license plate number of each vehicle inspected; and iii) a list of all required repairs that will be completed prior to the vehicle being placed in covered service.

14. Defendants shall regularly keep and maintain records regarding their compliance with all vehicle safety standards. Upon request of the Acting Secretary, Defendants shall upon reasonable notice provide all records requested to the Acting Secretary.

**STIPULATED REMEDIES FOR BREACH OF INJUNCTION**

Pursuant to the statements and agreements above, upon joint motion of the Parties, and for cause shown,

**IT IS HEREBY ORDERED ADJUDGED AND DECREED**, that:

15. If the Wage and Hour Division determines that any Defendant is using Pick Up Trucks with Affixed Cab Carrier and Trailer, as defined above, in violation of Paragraph 9 of the

Consent Judgment, then the Acting Secretary shall notify this Court and the Defendant promptly in writing; if the Court determines after meaningful opportunity to be heard that such Defendant has violated Paragraph 9, the Acting Secretary shall refuse to issue or to renew and shall suspend and revoke that Defendant's certificate of registration under 29 C.F.R. 500.1(g) for three years starting from the date that the Administrator of the Wage and Hour Division (the "Administrator") notifies the appropriate agency to implement the revocation order. The terms of this paragraph shall expire on July 31, 2029.

16. If the Wage and Hour Division determines that any Defendant is operating any vehicle in a covered activity that does not adhere to the requirements listed at 29 C.F.R. 500.104(e), (h), (j), (l), (m), and (n), in violation of Paragraph 10 of the Consent Judgment, then the Acting Secretary shall notify this Court and the Defendant promptly in writing; if the Court then finds such Defendant to be in violation of this prohibition after a meaningful opportunity to be heard, the Acting Secretary shall refuse to issue or to renew and shall suspend and revoke that Defendant's certificate of registration under 29 C.F.R. 500.1(g) for three years starting from the date that the Administrator notifies the appropriate agency to implement the revocation order. If the violation did not substantially endanger worker safety and there is no employee of the Defendant above the level of a Crew Chief who knew or should have known of the violation, the Court shall not find a violation if Defendant made reasonable efforts to supervise the Crew Chief and ensure their compliance with the Consent Judgment. A Crew Chief is a seasonal employee who routinely travels to job sites with a team of workers and oversees those workers' day-to-day performance of duties. Reasonable efforts to supervise include ensuring Crew Chiefs are on site and properly trained. The terms of this paragraph shall expire on July 31, 2029.

17. If the Wage and Hour Division determines that any Defendant is operating any vehicle in a covered activity that does not adhere to the requirements listed at 29 C.F.R. 500.104(a), (b), (c), (d), (f), (g), (i), or (k), in violation of Paragraph 11 of the Consent Judgment, then the Administrator shall provide such Defendant and their counsel with written notice of the violation (including the date of the violation) and provide 14 days from notice to cure the violation. The violation can be cured by fixing the defect or taking the offending vehicle out of

service. If the violation is cured within the 14-day window, then no further action will be taken. If the violation is not cured within the 14-day window, then the Acting Secretary shall notify this Court and the Defendant promptly in writing; if the Court finds Defendant in violation after a meaningful opportunity to be heard, the Court shall issue an injunction to cure the violation; if the Court then finds that Defendant to be in violation of that injunction, the Acting Secretary shall refuse to issue or to renew and shall suspend and revoke that Defendant's certificate of registration under 29 C.F.R. 500.1(g) for three years starting from the date that the Administrator notifies the appropriate agency to implement the revocation order. The terms of this paragraph shall expire on July 31, 2029.

18. If the Wage and Hour Division determines that any Defendant is violating any other provision of the Migrant and Seasonal Agricultural Worker Protection Act of 1983 ("MSPA"), 29 U.S.C. § 1801, *et seq.*, and the implementing regulations at 29 C.F.R. Part 500, in violation of Paragraph 8 of the Consent Decree, then the Administrator shall provide that Defendant and their counsel with written notice of the violation (including the date of the violation) and 14 days to cure. If the violation is cured within the 14-day window, then no further action will be taken. If the violation is not cured within the 14-day window, then the Acting Secretary shall notify this Court promptly in writing; if the Court finds Defendant in violation after a meaningful opportunity to be heard, the Court shall issue an injunction to cure the violation; if the Court then finds Defendant to be in violation of that injunction, the Acting Secretary shall refuse to issue or to renew and shall suspend and revoke Defendant's certificate of registration under 29 C.F.R. 500.1(g) for three years starting from the date that the Administrator notifies the appropriate agency to implement the revocation order. The terms of this paragraph shall expire on July 31, 2029.

19. Every notice of a violation and every injunction issued under paragraphs 17 and 18 shall specify what actions Defendant must take to comply. Any notices required to be given to Defendants or their counsel under this Consent Judgment shall be provided as follows. Alpha Services LLC or Robert Zaharie: electronic mail to Robert Zaharie at wadez@alphaservices.us and mail to P.O. Box 3369, Coeur d'Alene, ID 83816. Counsel for Alpha Services LLC and

Wade Zaharie: electronic mail to Wendel Hall at whall@hallglobal.net and Mark Stevens at mstevens@clarkhill.com. NorTerra Services LLC or Terry Rice: electronic mail to Terry Rice at terryr@norterraservices.us and mail to P.O. Box 459, Coeur d'Alene, ID 83816. Counsel for NorTerra Services LLC and Terry Rice: electronic mail to Leon Sequeira at leon@sequeirabilby.com. Any Defendant or their counsel wishing to change this contact information shall provide advance written notice to the undersigned attorneys for Plaintiff.

**JUDGMENT AND ORDER**

FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to the Migrant and Seasonal Agricultural Worker Protection Act of 1983 ("MSPA"), 29 U.S.C. § 1801, *et seq.*, and the implementing regulations at 29 C.F.R. Part 500, in favor of Plaintiff Acting Secretary of Labor and against Defendants Alpha Services, LLC, Robert "Wade" Zaharie, NorTerra Services, LLC, and Terry Rice.

**Pursuant to this Judgment, IT IS HEREBY ORDERED THAT:**

20. Each Party shall bear their own fees and other expenses incurred by such Party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which otherwise might be available under the Equal Access to Justice Act, as amended.

21. This Consent Judgment shall operate as a final disposition of all claims alleged in the above-captioned action.

22. The Court shall cease to retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order on July 31, 2029.

**IT IS SO ORDERED.**

Dated: September 10, 2026

Amanda K. Brailsford
United States District Judge

*Consented to by:*

FOR PLAINTIFF:

JONATHAN BERRY
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

ANDREW SCHULTZ
Counsel for Wage and Hour / ERISA

/s/ Julia B. Hayer Date: April 22, 2026

JULIA B. HAYER
Trial Attorney
United States Department of Labor

JASON ALTABET
Trial Attorney
Department of Justice, Civil Division, Federal Programs Branch

Attorneys for Plaintiff

FOR DEFENDANTS:

[signature] Date: 4-24-2026

ALPHA SERVICES, LLC

By: Robert Zaharie, individually and on behalf of Alpha Services

[signature] Date: 4/24/2026

NORTERRA SERVICES, LLC

By: Terry Rice, individually and on behalf of NorTerra

*Approved as to form:*

[signature] Date: 4-28-2026

WENDEL HALL

Date: April 24, 2026

MARK STEVENS

*Attorney for Defendants Alpha Services, LLC and Robert Zaharie*

Date: April 24, 2026

LEON SEQUEIRA

*Attorney for Defendants NorTerra Services, LLC and Terry Rice*